IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN L. LAMB,
on behalf of himself and all
others similarly situated,

        Plaintiff,

vs.                                 Case No. 05-2023-KHV/DJW

SPRINT UNITED MANAGEMENT
COMPANY,

        Defendant.

## PROTECTIVE ORDER

Upon the joint motion **(doc. 14)** and stipulation of the parties, and for good cause shown, the Court finds that the terms and conditions of this Protective Order shall be applicable to, and govern documents and information specifically identified below.

IT IS HEREBY ORDERED AS FOLLOWS:

**1.**     **Designation of "CONFIDENTIAL" Materials.** Plaintiff may designate as "CONFIDENTIAL," pursuant to Paragraph 3 below, any document or information he believes, in good faith, relates to Plaintiff's income, economic information, and/or medical information. Defendant may designate as "CONFIDENTIAL," pursuant to Paragraph 3 below, personnel records regarding non-parties, its non-public proprietary economic information, and/or its non-public proprietary business information.

**2.**     **Restriction on Disclosure of Designated Materials.** No information or things designated "CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Order. No party shall use any material designated "CONFIDENTIAL" for any purpose other than to assist counsel of record in the preparation and trial of this action. No copies of designated materials shall be made except by or on behalf of counsel of record for the parties to this Order.

**3.**     **Marking of Designated Materials.** Documents that the parties reasonably believe

are protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL," or an equivalent marking, on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. If such documents have already been produced to the other party, the party producing such documents shall notify the other party immediately that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.

    **4.**  **Challenging the Designation of Material as "CONFIDENTIAL."**  Any party who objects to the classification of material as confidential shall notify the opposing party in writing of that objection and specify the material to which the objection is made. The parties shall, within 10 days of service of the written objection, meet either in person or via telephone and confer concerning the objection. If the objection is not resolved at the meeting, the party designating the material classified as confidential shall, within 10 days of the expiration of the meet-and-confer period, file a motion (or raise the issue by other procedures as directed by the Court) to resolve the dispute over the confidential nature of the material. The parties agree to treat all disputed information or material as confidential unless and until there is a final ruling from the Court that the material is not confidential. If no such motion is filed within the stated time period, the material will not be considered confidential and will not continue to be subject to the protection of this Order.

    **5.**  **Access to "CONFIDENTIAL" Materials.**  Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    (a)  the parties, but neither party may retain upon conclusion of the litigation a copy of any material designated as "CONFIDENTIAL" or disclose its contents or any information gleaned from any material designated as "CONFIDENTIAL" to any person at any time, except as provided herein;

    (b)  counsel working on this action on behalf of any party to this action, and all professional, assistant, stenographic and/or clerical employees working under the direct supervision of counsel;

    (c)  any person not employed by a party who is expressly retained by a party to this Order,

or any attorney described in paragraph 5(a), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

   (d) court reporters and any person who is author or recipient of the confidential materials of whom testimony is taken, except that such persons may be shown copies of "CONFIDENTIAL" materials only during such testimony and may not retain any "CONFIDENTIAL" material or copies thereof; and

   (e) the Court or its staff in connection with the Court's administration and adjudication of this action. All proceedings involving this Order shall be subject to the Order.

   **6.** **Undertaking of Persons Receiving Designated Materials.** In no event shall any material designated "CONFIDENTIAL" be disclosed to any person not a party, not employed by a party in the regular course of business, not counsel or professionals working on this case, or not assistants, stenographic and/or clerical employees working under the direct supervision of counsel (except those described in paragraph 5(d) and 5(e)) until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging he or she has read a copy of this Order and agrees to be bound thereby. Counsel of record shall be responsible for maintaining a file of all such declarations. The signed declarations shall be available for inspection by this Court upon good cause shown by opposing counsel. Nothing in this Order shall prevent counsel for either party from presenting to a deponent any, or use in any way, a confidential document during any deposition taken in relation to this case, so long as the deponent is notified of this Protective Order.

   **7.** **Limitations upon the Scope of Order.** Nothing contained in this Order shall affect the right of the designating party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL." This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as, a result of this litigation.

   **8.** **Use of Designated Materials in Court.** If a party wishes to use any "CONFIDENTIAL" information in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcripts may be filed under seal only upon

separate, specific motion and later order of the Court.

9. **Confidential Materials Inadvertently Not Initially Designated Confidential.** To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated "CONFIDENTIAL." The initial failure to designate information in accordance with this Protective Order shall not preclude the producing party at a later date from designating any information "CONFIDENTIAL." The producing party may, by written notice to counsel of record for the receiving party, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL." Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and if such information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

11. **Breach of Order.** Breach of this agreement may be punished by the contempt powers of the Court and also give rise to a civil cause of action. Reasonable attorneys' fees and other litigation costs shall be awarded to the prevailing party in any proceeding arising out of breach of the confidentiality provisions of this Order.

12. **This Order Not an Admission or Waiver.** This Protective Order does not constitute an admission or waiver by any party that any material designated as "CONFIDENTIAL" is in fact confidential. If a party maintains that a particular document is in fact confidential, that document will be produced, consistent with the provisions of this Order, in response to a discovery request, but this Order shall have no effect on either party's subsequent effort to restrict the use of such material designated as "CONFIDENTIAL" via motion or to argue via motion that such material is not in fact confidential.

13. **Duration of Order.** The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

IT IS SO ORDERED.

Dated this 4th day of May 2005, at Kansas City, Kansas.

                                        <u>s/ David J. Waxse</u>
                                        David J. Waxse
                                        United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN L. LAMB,<br>on behalf of himself and all<br>others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>SPRINT UNITED MANAGEMENT<br>COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      **EXHIBIT A**<br><br>     Case No. 05-2023-KHV/DJW |

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Protective Order entered by the Court in Martin L. Lamb v. Sprint United Management Company, Civil Action File No. 05-2023-KHV/DJW (D. Kan.) and hereby agree to abide by its terms and conditions. I also understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to penalties. I hereby consent to the Court's exercise of personal jurisdiction over me for the purpose of enforcing said Protective Order only.

_____
SIGNATURE

_____
NAME (PRINTED)

_____
SOCIAL SECURITY #

_____
DATE